

# Leon County Clerk of the Circuit Court and Comptroller
## Court Case Search

Full Case View   ⓘ                                 **Print Page**

| 37 2021 SC 000399 - ELDRIDGE, GORDON vs ALLIED INTERSTATE LLC |
| --- |

| Party Status | Party | Party Code | Attorney | Attorney Status |
| --- | --- | --- | --- | --- |
| | ALLIED INTERSTATE, LLC , | DEFENDANT | PRO SE | INACTIVE 03/24/2021 |
| | ALLIED INTERSTATE, LLC , | DEFENDANT | JACQUELINE A SIMMS-PETREDIS | ACTIVE |
| | ELDRIDGE, GORDON | PLAINTIFF | THOMAS JOHN PATTI | ACTIVE |

Top of Page

| Action Dscr | Open/Reopen Status | Open/Reopen Date | Disposition | Disposition Date | Judge |
| --- | --- | --- | --- | --- | --- |
| SMALL CLAIMS MORE THAN $500 BUT NOT MORE THAN $2500.00 | OPEN | 3/4/2021 3:38:58 PM | | | RICHARDSON |

Top of Page

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | | |

Top of Page

| Judges Appearing on Case | | | |
| --- | --- | --- | --- |
| Last Name | First Name | Date Assigned | Source |
| RICHARDSON | MONIQUE | 3/5/2021 7:55:08 AM | BM |

Top of Page

| Viewable On Request Statuses |
| --- |


Viewable on Request Documents


e-Certify Documents

| Docket Table Headers Are Sortable. Click For Ascending, Again For Descending Order |
| --- |
| Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System |

| Docket Date | CCISSeqNbr | Docket Code | ECertify | Docket Text | OR Book | OR Page | Source |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 3/4/2021 | 3 | CCS | ☐ «-*Req $* | CIVIL COVER SHEET | | | BM |
| 3/4/2021 | 4 | COMP_SC | ☐ «-*Req $* | STATEMENT OF CLAIM | | | BM |
| 3/4/2021 | 5 | RQPR | ☐ «-*Req $* | REQUEST FOR PRODUCTION | | | BM |
| 3/4/2021 | 6 | NSOI | ☐ «-*Req $* | NOTICE OF SERVICE OF INTERROGATORIES | | | BM |
| 3/4/2021 | 7 | SUIS | ☐ «-*Req $* | SUMMONS ISSUED | | | BM |
| 3/5/2021 | 1 | a120 | | PRETRIAL SC SET FOR 04/06/2021 AT 9:30 AM IN CA1, JDG: RICHARDSON, MONIQUE R | | | BM |
| 3/5/2021 | 2 | a002 | | JUDGE RICHARDSON, MONIQUE R: ASSIGNED | | | BM |
| 3/5/2021 | 8 | RECEIPT | ☐ «-*Req $* | PAYMENT $185.00 RECEIPT #1556648 | | | BM |
| 3/5/2021 | 9 | INFJ | | INSTRUCTIONS FROM JUDGE | | | BM |

| 3/23/2021 | 10 | NAPR 📒 | ☐ ‹‹-*Req $* | NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL | BM |

Top of Page

| Event | Date | Start | Location | Judge | Result | Source |
|-------|------|-------|----------|-------|--------|--------|
| PRETRIAL SC | 4/6/2021 | 9:30 AM | CA1 | RICHARDSON | | BM |

Top of Page

| Docket Application | Owed | Paid | Dismissed | Due |
|--------------------|------|------|-----------|-----|
| STATEMENT OF CLAIM | $175.00 | $175.00 | $0.00 | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |

Top of Page

| | | Ar Plan | | |
|---|---|---|---|---|
| Ordered Amt | Paid | Dismissed | Balance | Delinquent |

Top of Page

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.    **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

<u>Gordon Eldridge</u>
Plaintiff

Case # <u>2021 SC 000399</u>
Judge _____

vs.

<u>Allied Interstate, LLC</u>
Defendant

II.    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☒ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

III.    **TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☐ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☒ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Thomas John Patti III      Fla. Bar # 118377
      Attorney or party           (Bar # if attorney)

Thomas John Patti III          03/04/2021
  (type or print name)          Date

IN THE CIRCUIT/COUNTY COURT OF THE SECOND JUDICIAL CIRCUIT,

IN AND FOR LEON COUNTY, FLORIDA

GORDON ELDRIDGE _____

*Plaintiff(s)*

vs

ALLIED INTERSTATE, LLC _____

*Defendant(s)*

Case No:_____ 2021 SC 000399 _____

# SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

## "due to COVID-19"

**Refer to page 4 of this summons for COVID-19 PRETRIAL CONFERENCE COURT APPEARANCE PROCEDURES.**

STATE OF FLORIDA - NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

*(Name & address of Defendant(s) to be Served)*

ALLIED INTERSTATE, LLC
c/o C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the PRETRIAL CONFERENCE on _____ *4/6/2021* _____, at _9:30AM_ a.m. before a Judge of this court. **DO NOT APPEAR IN PERSON AT THE COURTHOUSE or Courthouse Annex. THE COURTHOUSE AND COURTHOUSE ANNEX ARE CLOSED DUE TO COVID-19.** However, arrangements have been made to address your case by use of remote technology.

**TO ENSURE YOUR ATTENDANCE AT THE SCHEDULED REMOTE HEARING**: All parties are required to immediately submit to the Clerk of Court current telephone and e-mail contact information together with your case number and continue to up-date this information as changes occur. This can be done by filling out and providing to the Clerk the DESIGNATION OF CURRENT MAILING AND E-MAIL ADDRESS FORM.

**IMPORTANT -- READ CAREFULLY**

**THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE**

**DO NOT BRING WITNESSES.**

The defendant(s) must appear on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause or prior court approval.

1

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be submitted not later than the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance or determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s) have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following:  [1] where the contract was entered into; [2] if the suit is on unsecured promissory note, where the note is signed or where the maker resides;  [3] if the suit is to recover property or to foreclose a lien, where the property is located;  [4] where the event giving rise to the suit occurred; [5] where any one or more defendant(s) sued reside; [6] any location agreed to in a contract; [7] in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you as the defendant(s) believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer, in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

DATED ON  _____

GWEN MARSHALL

Clerk of the Circuit Court and Comptroller



By:_____ /03/05/2021

Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 301 S Monroe St., Room 214, Tallahassee, FL 32301, (850) 606-4401 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

# COVID-19 PRETRIAL CONFERENCE COURT APPEARANCE PROCEDURES

**DO NOT APPEAR IN PERSON AT THE COURTHOUSE OR COURTHOUSE ANNEX. THE COURTHOUSE AND COURTHOUSE ANNEX ARE CLOSED, AND YOU WILL BE TURNED AWAY**. However, arrangements have been made to address your case by use of **remote technology**.

**REMOTE HEARINGS**: **All parties must immediately file with the Clerk of Court: your case number, name, e-mail address and telephone number to receive future updates of court hearings.**

**PURPOSE:** The purpose of the pretrial conference is to:

    a.  Record each party's appearance;
    b.  Determine if the sued party admits all or part of the claim;
    c.  Enable the Court to determine the nature of the case;
    **d.  Determine if the case can be settled through mediation;**
    e.  Set the case for trial, if it cannot be resolved at Pretrial.

**MEDIATION:** At the Pretrial Conference:

    a.  Every party (or representative) must have full authority to settle the case;
    b.  Trained mediators will be available to assist the parties in negotiating settlement;
    c.  Mediators are neutral and will **not** decide the strengths or weaknesses of the case;
    d.  Mediators **will call** each party in an effort to reach settlement;
    e.  If you cannot or do not wish to settle, the case will be set for trial.

**SETTLEMENT:** Negotiations:

    a.  Failure to have full authority to settle, at pretrial, may result in payment of the opposing party's costs and attorney fees;
    b.  A party may request the Court to approve a payment plan, if the party admits the claim but needs additional time to pay.

**SETTING FOR TRIAL**: Each party should be prepared to:

    a.  Explain the nature of the dispute;
    b.  State the efforts to settle the dispute;
    c.  Stipulate to facts that will not require proof;
    d.  Exchange names, telephone numbers and addresses of witnesses;
    e.  Exchange documents necessary to prove your claim or defense;
    f.  Estimate the time needed to try the case.

**RIGHT TO VENUE**. If a defendant believes the suit was brought in the wrong county, you must file a WRITTEN request for transfer, sworn under oath, filed with the Clerk and copy to the opposing party, seven days prior to the first scheduled court date.

## <u>JUDGE MONIQUE RICHARDSON'S COVID-19 PROCEDURES</u>
## <u>FOR CIVIL CASES</u>

As a result of the Coronavirus (COVID-19) pandemic, all cases will be conducted remotely. Please follow the instructions below so that each party provides a phone number and e-mail address.  If your telephone number and e-mail are not provided, the Court nor the mediator will not be able to contact you to proceed with the initial effort to resolve your case through mediation and your case will be continued.

Please follow the instructions below:

**<u>INSTRUCTIONS:</u>**

1. Please e-mail the following information to Ms. Silva, Judicial Assistant, at silvama@leoncountyfl.gov:  your case number, name, telephone number, and e-mail address.  If you know the opposing party's telephone number and e-mail address, please include it.
2. **Due Date:** This information shall be provided by 5:00 p.m. at least ten (10) business days before the scheduled court appearance.
3. **Proper Notice to the Defendant.** If you are the Plaintiff, make sure there has been proper notice on the Defendant.  If the Defendant has not been noticed of your lawsuit, the case will be delayed until confirmation of written notice on the Defendant has been provided to the Clerk of Court.
4. **If you are the Defendant**, please also provide the requested information in #1 and #2 above.
5. **Do Not Appear at the Courthouse in Person.**  You will be turned away.  All Civil Cases will be conducted remotely by contacting the Court at the scheduled time by the following method:

   **JOIN ZOOM MEETING -** using the new zoom info for civil weeks effective 2/1/21.
   <u>https://zoom.us/j/93573001519?pwd=ZDZUdE9CZDVINEk5Y3puSk5aRU1OZz09</u>

   **Meeting ID:** 935 7300 1519          **Passcode:** 085568

   One tap mobile
   +1 (786) 635-1003
   +1 (301) 715-8592

**IN THE COUNTY COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

GORDON ELDRIDGE,

      **Plaintiff,**

v.

ALLIED INTERSTATE, LLC,

      **Defendant.**

_____/

**Case No.:**    2021 SC 000399

**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

## STATEMENT OF CLAIM

Plaintiff Gordon Eldridge ("Plaintiff") sues Defendant Allied Interstate, LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"),

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2.    This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Broward County, Florida.

3.    The amount in controversy is greater than $500.00, but does not exceed $2,500.00, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4.    Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

5.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Leon County, Florida.

6.    Defendant is a Minnesota limited liability company, with its principal place of business located in Plymouth, Minnesota.

## DEMAND FOR JURY TRIAL

7.    Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8.    On or about February 16, 2019, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Work-Injury").

9.    Between May 15, 2019 and July 30, 2019, Tallahassee Memorial Healthcare ("TMH") provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury, whereby the only medical services provided to Plaintiff by TMH were for the treatment of the Work-Injury.

10.    At the time TMH provided its respective medical services to Plaintiff, Plaintiff informed TMH that the sought treatment was for the Work-Injury.

11.    TMH charged a fee for the provision of its (TMH's) respective medical services for treatment of the Work-Injury (the "Consumer Debt").

12.    The Consumer Debt arose from Plaintiff's work-related accident and injuries.

13.    TMH knew that payment of the Consumer Debt was the responsibility of Plaintiff's employer and/or the insurance carrier of Plaintiff's employer.

14.    TMH knew that payment of the Consumer Debt was not Plaintiff's responsibility.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15.     TMH knew that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff. Despite knowing this, however, TMH began attempting to collect the Consumer Debt from Plaintiff.

16.     Thereafter, and despite knowing that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff, TMH contacted Defendant to collect, or attempt to collect, the Consumer Debt from Plaintiff.

17.     On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

18.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

19.     Defendant is a business entity engaged in the business of collecting consumer debts.

20.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

22.     Defendant's "Consumer Collection Agency" license number is CCA0900842.

23.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

24.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

25.     For Defendant's "Consumer Collection Agency" license to remain valid, Defendant is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

26.      Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant *shall* maintain: "[t]he debtor's account of activity disclosing... a record of payments made by the debtor, including the date received and the amount and balance owing."

27.      Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant *shall* maintain: "basic information about the debt including, at minimum... [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

28.      On a date better known to Defendant, Defendant sent a collection letter, internally dated April 06, 2020, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

29.      The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

30.      The Collection Letter represents an action to collect a debt by Defendant.

31.      Defendant, by way of the records which it (Defendant) is required to maintain to retain a valid Consumer Collection Agency license with the Florida Department of State, knew that the Consumer Debt arose from the treatment of the Work-Injury and otherwise knew that it (Defendant), as well as TMH, did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff.

### *COUNT I.*
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

32.      Plaintiff incorporates by reference paragraphs 1-31 of this Statement of Claim as though fully stated herein.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

33.     Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

34.     Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

35.     An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

36.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. § 1692e(2)(A). (emphasis added).

37.     As stated above, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter falsely represents that Plaintiff is responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by TMH, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

38.     Defendant by and through the Collection Letter, falsely represents the character of the Consumer Debt, *in that*, the Collection Letter falsely represents Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

39.     Further, by and through the Collection Letter, Defendant *falsely* represents the amount of the Consumer Debt, *in that*, the $139,946.05 sought by the Collection Letter exceeds the amount which TMH is entitled pursuant to the fee schedules and/or guidelines for services rendered to injured workers such as Plaintiff.

40.     Thus, by and through the Collection Letter, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the *character* of the Consumer Debt, as well as by falsely representing the *amount* of the Consumer Debt.

41.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Statutory damages as provided by 15 U.S.C. §1692k;

(b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(c)     Any other relief that this Court deems appropriate under the circumstances.

DATED: March 4, 2021

Respectfully Submitted,

  /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136

**PAUL A. HERMAN, ESQ.**
Florida Bar No.: 405175
E-mail: paul@consumeradvocatelaw.com
CONSUMER ADVOCATES LAW GROUP, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
Phone:    (561) 236-8851

**JOEL A. BROWN, ESQ.**
Florida Bar No.: 66575

E-mail: joel.brown@friedmanandbrown.com
FRIEDMAN & BROWN, LLC
3323 NW 55th Street
Fort Lauderdale, Florida 33309
Phone:    (954) 966-0111

*COUNSEL FOR PLAINTIFF*

EXHIBIT "A"

**Allied Interstate**

PO Box 19326 Minneapolis, MN 55419   866-383-5102

April 6, 2020

GORDON ELDRIDGE
6229 JORDANS PASS DR
TALLAHASSEE, FL 32304-8367

*(handwritten: 4/4 Donielle)*

Re:   Creditor: Tallahassee Memorial Healthcare
      Amount Owed: $139,946.05
      Account No. ****■■■■■
      Our Reference No. 520006110732

GORDON ELDRIDGE:

We are a debt collection company and Tallahassee Memorial Healthcare has contracted with us to collect the debt noted above. This is an attempt to collect a debt and any information obtained will be used for that purpose.

To make a payment, please telephone us at 866-383-5102 or mail your payment, made payable to Tallahassee Memorial Healthcare, to us using the coupon on the reverse side of this letter. When you provide a check as payment, you authorize us to either use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. For inquiries, please call the number at the top of this notice.

Previously, Tallahassee Memorial Healthcare placed an amount with us for collection. There has been an additional debt placed with us for collections as indicated on the following page. Regarding this additional debt, unless you notify us within 30 days after receiving this letter that you dispute the validity of this debt or any portion thereof, we will assume that this debt is valid. If you notify us in writing within 30 days after receiving this letter that you dispute the validity of this debt, or any portion thereof, we will obtain and mail to you verification of the debt or a copy of a judgment. If you request of us in writing within 30 days after receiving this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

We look forward to receiving your payment.

Sincerely,

*Allied Interstate LLC*

| Invoice Number | Service Date | Balance Owed |
|---|---|---|
| 6913508724 | 5/15/2019 | $75,574.71 |
| 6915410580 | 6/3/2019 | $4,993.50 |
| 6916409359 | 6/13/2019 | $4,444.78 |
| 6917709443 | 6/26/2019 | $6,069.27 |
| 6918103877 | 7/1/2019 | $30,885.47 |
| 6920203129 | 6/14/2019 | $1,149.09 |
| 6921009020 | 7/29/2019 | $15,937.67 |
| 6926908382 | 7/30/2019 | $891.36 |

Totals
$139,946.05

**IN THE COUNTY COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

Case No.    2021 SC 000399

GORDON ELDRIDGE,

        Plaintiff,

vs.

ALLIED INTERSTATE, LLC,

        Defendant.

_____/

**PLAINTIFF'S NOTICE OF
<u>SERVING INTERROGATORIES TO DEFENDANT</u>**

Plaintiff Gordon Eldridge, by and through undersigned counsel, and pursuant to Florida

Rules of Civil Procedure 1.340, hereby propounds the attached interrogatories to Defendant Allied

Interstate, LLC. Sworn answers to these Interrogatories must be furnished on or before the 30th

day after the service of these Interrogatories.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on March 4, 2021, the foregoing was electronically

filed with the Clerk of the Court using the Florida Courts E-Filing Portal which will send a notice

of electronic filing to all counsel of record.

Respectfully Submitted,

 /s/ Thomas J. Patti               .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301

*COUNSEL FOR PLAINTIFF*

PAGE | **1** of **6**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

## I.     DEFINITIONS

(1)     "Action" shall mean the above captioned matter.

(2)     "Any," "All," and "each" shall be construed as any, all and each.

(3)     "And" shall mean and/or.

(4)     "Concern," "concerning," "refer," "referring," "relate," "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5)     "Complaint" means the operative Statement of Claim filed in the above captioned action.

(6)     "Collection Letter" shall refer to Exhibit "A" attached to the Statement of Claim.

(7)     "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8)     "Defendant," "you," and "your" shall mean Allied Interstate, LLC, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9)     "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10)    "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Florida Rules of Civil Procedure.

(11)     "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*.

(12)     "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.

(13)     "Including" means: (a) including, but not limited to, or (b) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14)     "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15)     "Or" shall mean and/or.

(16)     "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17)     "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18)     "Plaintiff" or "Plaintiff's" shall mean Gordon Eldridge.

(19)     "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on March 4, 2021.

(20)     The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

(21)     The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## II.    INSTRUCTIONS

Each of the following requests is continuing, and in the event that at any later date you obtain or discover any additional information responsive to any request, you shall submit the information promptly. If an objection is made to any interrogatories herein, all information covered by the interrogatory which is not subject to the objection should be provided.

Information which may be responsive to more than one interrogatory need not be repeated, however such information should be identified and the interrogatory it was previously responsive to referenced. All headings herein are included only for organization purposes and should not be construed as being part of any interrogatory, or as limiting any request in any manner.

If any information requested by these interrogatories is claimed to be privileged or any interrogatory is otherwise objected to, please provide the exact grounds upon which the objection is based and identify all persons who presently have access to or are aware of the information requested.

## III.    INTERROGATORIES

**Interrogatory No. 1.**    Describe, step-by-step, the process which resulted in the Collection Letter being transmitted to Plaintiff, beginning with the date and method of transmission of Plaintiff's information to Defendant, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

**RESPONSE:**

**Interrogatory No. 2.**     Identify each of Defendant's practices, policies, and procedures that were in existence prior to sending Plaintiff the Collection Letter, whereby said practices, policies, and procedures were reasonably adapted to prevent Defendant from violating the FDCPA as alleged by Plaintiff.

**RESPONSE:**

**Interrogatory No. 3.**     Identify by date, name, and contact information, each individual and/or entity that Defendant contacted, or that contacted Defendant, regarding the payment of any bills, invoices, statements, receipts, or otherwise collection statements, for services rendered to Plaintiff in connection with the alleged work-place injury sustained by Plaintiff. For example, this request seeks, among other things, the date, name, and contact information, of each representative of the applicable workers' compensation insurance carrier that Defendant contacted, or that contacted Defendant, with respect to [1] the submission of bills pursuant to Florida's Department of Insurance and Department of Administrative Hearing requirements and/or [2] the corresponding standards for payment in accordance with the Florida Workers' Compensation fee schedule.

**RESPONSE:**

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## <u>VERIFICATION</u>

Under penalties of perjury, I, the undersigned affiant, declare that I have read the foregoing

Answers to Interrogatories, and that the Answers are true and correct.

_____
AFFIANT SIGNATURE

_____
PRINTED NAME OF AFFIANT

_____
CAPACITY / TITLE OF AFFIANT

**BEFORE ME**, the undersigned authority, personally appeared _____,

who produced as identification _____, bearing

number _____ expiring on _____ who

did take an oath, who stated that he/she is the person noted above, and that, according to his/her

best knowledge and belief, the forgoing answers are true and correct.

Sworn to and subscribed before me, this _____ day of _____, 202_____.


_____
SIGNATURE OF NOTARY

_____
PRINTED NAME OF NOTARY

```
┌─────────────────────────────────┐
│                                 │
│                                 │
│                                 │
│                                 │
│                                 │
└─────────────────────────────────┘
```

SEAL OF NOTARY

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Case 4:21-cv-00158-MW-MAF Document 1-1 Filed 04/12/21 Page 27 of 34

**IN THE COUNTY COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA**

Case No.   2021 SC 000399

GORDON ELDRIDGE,

                    Plaintiff,

vs.

ALLIED INTERSTATE, LLC,

              Defendant.

_____/

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff Gordon Eldridge, by and through undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.350, and requests Defendant Allied Interstate, LLC, to produce for inspection and copying within thirty (30) days from service the following documents by e-mail to tom@jibraellaw.com, or in the event delivery of Defendant's responses and the requested documents cannot be provided via e-mail, the same may be delivered to The Law Offices of Jibrael S. Hindi 110 SE 6th Street, Suite 1700, Fort Lauderdale, Florida 3330

**I.       DEFINITIONS**

(1)       "Action" shall mean the above captioned matter.

(2)       "Any," "All," and "each" shall be construed as any, all and each.

(3)       "And" shall mean and/or.

(4)       "Concern," "concerning," "refer," "referring," "relate,  " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or  in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge  upon, or impact the subject matter of the request;

(5)       "Complaint" means the operative Statement of Claim filed in the above captioned action.

(6)       "Collection Letter" shall refer to Exhibit "A" attached to the Statement of Claim.

(7)       "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange

of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8)     "Defendant," "you," and "your" shall mean Allied Interstate, LLC, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9)     "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10)    "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Florida Rules of Civil Procedure.

(11)    "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*.

(12)    "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.

(13)    "Including" means: (a) including, but not limited to, or (b) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14)    "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(15)   "Or" shall mean and/or.

(16)   "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17)   "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18)   "Plaintiff" or "Plaintiff's" shall mean Gordon Eldridge.

(19)   "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on March 4, 2021.

(20)   The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

(21)   The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.

## II.   INSTRUCTIONS

Each of the following requests is continuing, and in the event that at any later date you obtain or discover any additional document responsive to any request, you shall submit such document promptly. If an objection is made to any request herein, all documents covered by the request not subject to the objection should be produced.  Similarly, if an objection is made to production of a document, the portion(s) of that document not subject to objection should be produced with the portion(s) objected to deleted and indicated clearly.

Each document is to be produced in its entirety even if only a portion of the document is related to the identified subject matter and without abbreviation, editing, or expurgation and including all appendices, tables, or other attachments.  If an appendix, table, or other attachment is not presented with the original but is attached to a copy thereof or is otherwise available, it should be submitted and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

clearly marked to indicate the document to which it corresponds. With the exception of privileged material, no document or portion thereof should be masked or deleted in any manner. To the extent possible, documents should be produced in the same order and arrangement as in the file form which they are taken.

Unless otherwise requested, in lieu of producing original documents, you may produce photocopies, provided that you shall retain the original documents and produce them to the Plaintiff upon request. Further, copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents, and their submission constitutes a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any legal proceeding. Please provide color copies of any document originally produced in color or containing type, writing, or other marks in any color other than black.

In the event such file(s) or documents(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file. If you choose to withhold from production for inspection and copying on the ground of privilege or the like, it is requested that you provide the following information:  date, type of document, author, addressee or recipient, present location, custodian, number of pages, general description, privilege claimed, and any other pertinent information.

## III.   PRODUCTION REQUESTS

The following documents are requested to be produced. <u>Please contact undersigned counsel, or have your attorney contact undersigned counsel if you are represented by an attorney, if you are uncertain as to the meaning of a term is or if you need additional information to understand a request</u>.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(1)     Copies of the documents that Defendant sent to Plaintiff during the three (3) years prior to the commencement of the above-captioned action.

(2)     Copies of the documents utilized or referenced by Defendant to create or draft the Collection Letter.

(3)     Copies of the documents, including manuals, instructions and guidelines, setting forth the policies and procedures of debt collection employed by Defendant during the two (2) years prior to the commencement of the above-captioned action.

(4)     A complete copy of any insurance policies covering Defendant for violations of the FDCPA or FCCPA during the relevant period.

(5)     A copy of the template or form used to create the Collection Letter.

(6)     A copy of Defendant's tax returns for the years 2017, 2018, 2019, and 2020.

(7)     A copy of Defendant's financial statements for the years 2017, 2018, 2019, and 2020.

(8)     A copy of Defendant's balance sheets for the years 2017, 2018, 2019, and 2020.

(9)     All documents relied or referenced by Defendant in responding to the Interrogatories propounded on Defendant in the above-captioned action.

(10)    Copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

(11)    All exhibits which Defendant proposes to introduce at trial.

DATED: March 4, 2021

Respectfully Submitted,

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:         855-529-9540

*COUNSEL FOR PLAINTIFF*

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 4, 2021, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal. I also certify that the foregoing document is being served on opposing counsel via e-mail.


       /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

IN THE COUNTY COURT OF THE SECOND JUDICIAL CIRCUIT COURT,
IN AND FOR LEON COUNTY, FLORIDA

GORDON ELDRIDGE,
     Plaintiff,

                                   Case No. 2021 SC 000399

v.

ALLIED INTERSTATE, LLC,
     Defendants.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL

Jacqueline Simms-Petredis, Esq. and Sarah R. Craig, Esq. of Burr & Forman LLP, hereby

provide notice of their appearance as counsel of record for ALLIED INTERSTATE, LLC, in the

above-styled action, reserving all rights and defenses to the claims raised by Plaintiff against it in

this action, including any right to arbitration, and requests that a copy of all further pleadings,

correspondence and other communications be directed and served upon them by e-filing or by

mail at the address shown below.

                                  */s/ Jacqueline Simms-Petredis*
                                  Jacqueline Simms-Petredis, Esq. (FL Bar 906751)
                                  Sarah R. Craig, Esq. (FL Bar #0099359)
                                  Primary Email: jsimms-petredis@burr.com;
                                  scraig@burr.com
                                  Secondary Email: anolting@burr.com;
                                  dmorales@burr.com; mguerra@burr.com
                                  **BURR & FORMAN LLP**
                                  201 N. Franklin Street, Suite 3200
                                  Tampa, FL 33602
                                  Telephone: (813) 221-2626
                                  Facsimile: (813) 221-7335
                                  *Counsel for Defendant,* ALLIED INTERSTATE,
                                  LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed by using the

CM/ECF System this 23rd day of March 2021 to:

Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
For Lauderdale, FL 33301
tom@jibraellaw.com
*Attorneys for Plaintiff*

Paul A. Herman, Esq.
Consumer Advocates Law Group, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, FL 33445
paul@consumeradvocatelaw.com
*Attorneys for Plaintiff*

Joel. A. Brown, Esq.
Friedman & Brown, LLC
3323 NW 55th Street
Fort Lauderdale, FL 33309
Joel.brown@fridmanandbrown.com
*Attorneys for Plaintiff*

                                    */s/ Jacqueline Simms-Petredis*
                                    Jacqueline Simms-Petredis, Esq.
                                    **BURR & FORMAN LLP**